IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JAKALE E CHANDLER, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 3:23-CV-00003-CDL-CHW |
| OFFICER STRAUDER, *et al.*, | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

*Pro se* Plaintiff Jakale E. Chandler, an inmate presently confined at the Clarke County Jail in Athens, Georgia, has filed a pleading that was construed as a complaint under 42 U.S.C. § 1983, and he also seeks leave to proceed *in forma pauperis* in this action (ECF No. 1).

In his Complaint, Plaintiff alleges that he has been wrongfully incarcerated in the Clarke County Jail and another facility for approximately sixteen months, without being "convicted or indicted." Attach. 1 to Compl. 2-3, ECF No. 1-1. In addition, Plaintiff states that his living conditions in the jail "have become unbearable" and that he is "not getting treated fairly." *Id.* at 2. Plaintiff contends that he was tasered by a prison officer on December 12, 2022, and that he has been forced to sleep on the floor. *Id.* at 2-3.

The nature of the pending action is not entirely clear to the Court. The two most common types of cases filed by prisoners are claims arising under 42 U.S.C. § 1983 and federal habeas corpus petitions. As a general rule, "a challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges

to conditions of confinement may proceed under [42 U.S.C.] § 1983 . . . ." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)). In other words, "[f]ederal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973)). But "when a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983." *Id.* (citing *McKinnis,* 693 F.2d at 1057). A prisoner cannot obtain a dismissal of pending charges or speedier release through a § 1983 action, and he cannot seek monetary compensation in a federal habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973).

In this case, to the extent Plaintiff alleges that he has been improperly detained in jail and seeks his release, his claims would arise under 28 U.S.C. § 2241, which permits state prisoners – following the exhaustion of available state remedies – to file a federal habeas corpus petition to challenge their pretrial detention. To the extent Plaintiff is challenging the conditions of his confinement and seeking monetary damages or other relief, his claims are properly raised under 42 U.S.C. § 1983. Plaintiff is therefore **ORDERED** to recast his Complaint on the appropriate form. The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the Court's § 2241 and § 1983 forms. Plaintiff should choose **ONE** of these forms, mark it with Case Number 3:23-cv-00003, and recast

2

his pleading thereon.[1]  Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his pleading on the appropriate form to include all facts and allegations he wishes to make a part of this case.  **The recast pleading shall supersede (take the place of) his initial pleading (ECF No. 1).**  The Court will not look back at this document, or any other document Plaintiff has already filed in this action, to determine whether Plaintiff has an actionable federal claim.

In addition, Plaintiff did not pay any sort of filing fee in this action or file a proper and complete motion to proceed without the prepayment of the filing fee.  A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(1)-(2).  Plaintiff's motion did not include a copy of his prison trust fund account information.  Accordingly, Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to either pay the required fee or file a proper motion to proceed without the prepayment of the filing fee.  The filing fee for a habeas corpus petition is $5.00, and the filing fee for a § 1983 complaint is $402.00.  The Clerk is **DIRECTED** to mail Plaintiff a copy of the standard motion to proceed without prepayment of fees and affidavit and account certification form that he may use for this purpose.

---

[1] Plaintiff may use the other form if he wishes to file a lawsuit raising the type of claims he is not raising in the above-captioned action, but it must be filed as a completely separate lawsuit and should not be labeled with the case number for this case.  Plaintiff will also be required to either pay the filing fee in that lawsuit or file a motion for leave to proceed *in forma pauperis* in that lawsuit if he chooses to bring it.

To reiterate, Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast his pleading on the appropriate form and (2) file a proper and complete motion for leave to proceed *in forma pauperis* or pay the appropriate filing fee. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this case.** There will be no service of process in this case until further order.

**SO ORDERED**, this 15th day of February, 2023.

                                          s/ Charles H. Weigle
                                          Charles H. Weigle
                                          United States Magistrate Judge