# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| **JAKALE ERRION CHANDLER,** | : | |
| Petitioner, | : | |
| VS. | : | CIVIL NO. 3:23-CV-3-CDL-CHW |
| **SHERIFF JOHN Q WILLIAMS,** | : | |
| Respondent. | : | |

## ORDER

Presently pending before the Court is the recast habeas petition of *pro se* Petitioner Jakale Errion Chandler, an inmate most recently housed in the Clarke County Jail in Athens, Georgia (ECF No. 7).  On March 14, 2023, Petitioner's motion for leave to proceed *in forma pauperis* in this action was denied, and he was ordered to either pay the required $5.00 filing fee or file a renewed motion for leave to proceed *in forma pauperis* showing his present inability to pay that fee.   Petitioner was also instructed to immediately notify the Court in writing of any change in his mailing address.  Petitioner was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Petition.  *See generally* Order, Mar. 14, 2023, ECF No. 9.

The time for compliance passed without a response from Petitioner.  Petitioner was therefore ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions.  Petitioner was given fourteen

(14) days to respond, and he was again warned that the failure to fully and timely comply could result in the dismissal of this case. He was also reminded of his obligation to inform the Court of any change in his mailing address. *See generally* Order, Apr. 20, 2023, ECF No. 10.

The time for compliance has again expired without a response from Petitioner, presumably because the Court's order was returned to the Clerk as undeliverable (ECF No. 11). Petitioner has not updated his mailing address with the Clerk of Court, and he is not listed as a current inmate in the Athens-Clarke County Jail. http://enigma.athensclarkecounty.com/photo/jailcurrent.asp (last accessed May 8, 2023). A search of the Georgia Department of Corrections online offender query system also fails to reveal Petitioner's current whereabouts. https://gdc.ga.gov/GDC/Offender/Query (searched "Chandler, Jakale") (last accessed May 8, 2023).

As Petitioner was previously advised, the failure to follow the Court's orders and instructions is cause for dismissal of this case. The failure to keep the Court apprised of his current mailing address is also a failure to prosecute that warrants dismissal of this action. Because Petitioner has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, his Petition is **DISMISSED without prejudice**. Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (the failure to comply with a court order is grounds for dismissal in a habeas case).

To the extent this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1);

28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order).  When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.  Reasonable jurists could not find that a dismissal of the instant action for Petitioner's failure to prosecute and comply with the Court's orders was debatable or wrong.  *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders).  Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

   **IT IS SO ORDERED**, this **8th** day of **May, 2023**.

               S/Clay D. Land
               CLAY D. LAND
               U.S. DISTRICT COURT JUDGE
               MIDDLE DISTRICT OF GEORGIA